## CIRCUIT COURT OF THE CITY OF RICHMOND

Rebecca H. Morris

v.

Ford Motor Company

April 9, 1998

Case No. LC-2679-1

BY JUDGE MELVIN R. HUGHES, JR.

The issue remaining after the March 6, 1998, hearing in this matter is plaintiff's request for attorney's fees under the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code § 59.1-207.9 *et seq.* Due to constraints of time that day, the court asked each side to provide a brief written summary of positions for and against the question. These have since been received and considered and the court finds as follows.

As noted, the request is under the Virginia Motor Vehicle Warranty Enforcement Act, otherwise known as the Lemon Law. The provision governing the award of attorney's fees allows the recovery of "reasonable attorney's fees." See § 59.1-207.14. Plaintiff's counsel has submitted a summary delineating the nature of the work done according to date and the hours incurred to accomplish described tasks. The total time involved is twenty-six hours at $225 per hour or $5,850.00. Defendant objects claiming that this total figure is excessive and should not be allowed.

Prior to the March 6 hearing the court entered judgment by default. The March 6 hearing date was set to determine remaining issues relative to damages. Plaintiff prepared to meet certain objections defendant made concerning these issues.

In its summary, defendant points to several items on plaintiff's summary of attorney's fees and excepts to fees incurred after the default. It observes that about half the fees claimed were incurred after the court found the defendant in default. However, as mentioned, this time was devoted to preparation for remaining issues relative to other damage elements claimed. Despite the fact

that plaintiff did not prevail on these points, the time needed to prepare for them cannot be discounted, nor should all of the time spent before entry of the default judgment even considering that plaintiff's counsel is a specialist in this area, as defendant contends.

The court agrees with plaintiff that the "lodestar" analysis from federal cases is an appropriate way to arrive at a reasonable fee. Applying this analysis, the court finds that counsel's hourly rate is appropriate and that the total amount of time to be considered is eighteen hours. The amount multiplied equals $4,050.00.